United States District Court
Southern District of Texas
ENTERED
JUL 29 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUL 29 1998
Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO GAITAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-004 |
| | § | |
| GARY L. JOHNSON, DIRECTOR | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTION DIVISION, | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Arturo Gaitan("Gaitan") has filed a habeas petition pursuant to 28 U.S.C.§2254. It is without merit and should be dismissed for the reasons set forth below.

### BACKGROUND

On January 12, 1993, Gaitan was convicted of first-degree murder. He was sentenced to thirty years, plus a $10,000 fine. Because Gaitan used a deadly weapon during the murder, the court ordered Gaitan to pay $38,736.68 in restitution to the victim as a condition of parole. On October 10, 1996, Gaitan filed a state application for a writ of habeas corpus. The petition was denied on January 8, 1997.

### THE §2254 PETITION

On January 8, 1998, Gaitan filed the instant habeas petition based on two different grounds:

1. He was denied due process when the trial court added restitution as a condition of parole because
   a) he had no notice that restitution would be required as part of his punishment;

    b) the amount of restitution required was excessive and imposed without consideration of the amount of loss suffered by the victim's family;
    c) the amount of restitution required was excessive and constituted double jeopardy; and

2. Trial counsel was ineffective for failure to advise him that restitution could be imposed when it was made a part of the punishment.

## DISCUSSION AND RECOMMENDATION

Gaitan's petition should be dismissed because it is time barred. 28 U.S.C. 2244(d)(1)(A) of the Antiterrisom and Effective Death Penalty Act of 1996(AEDPA) provides that the one-year limitation period shall run from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. §2244(d)(1)(A)(West 1998). In this case, Gaitan's conviction became final on January 12, 1993. However, the Fifth Circuit held, under AEDPA, a petitioner has a reasonable amount of time after the April 24, 1996, AEDPA enactment date to start the habeas process. The Fifth Circuit defined a "reasonable amount of time" as one-year beyond April 24, 1996, *United States v. Flores*, 135 F.3d 1000, 1006(5th Cir. 1998). Normally, Gaitan would have had until April 24, 1997, to file a petition seeking a writ of habeas corpus.

On October 8, 1996, during the one-year AEDPA grace period, Gaitan filed a state habeas petition challenging his conviction. The petition was denied on January 8, 1997. There were ninety-two days between October 8, 1996, and January 8, 1997. Section 2244(d)(2) provides that the time during which a state post-conviction review is pending shall not be counted toward the period of limitation. *See* 28 U.S.C. §2244(d)(2)(West 1998), The Fifth Circuit held that"...the limitations period is currently tolled by the pending state habeas

petition, regardless of the dismissal of the federal case." *Brewer v. United States*, 139 F.3d 491, 493(5th Cir. 1998). The ninety-two days is to be added to the April 24, 1997, date. Gaitan's new statute of limitations for filing a petition ended on August 1, 1997. Gaitan filed his petition on January 8, 1998; therefore, the petition is time barred.

IT IS THEREFORE RECOMMENDED that Arturo Gaitan's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

DONE at Brownsville, Texas this 29th day of July 1998.

John Wm. Black
United States Magistrate Judge